**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

DOROTHY ANN KING                                                                          PLAINTIFF

vs.                                                                        Civil Action No. 3:01-cv-186WSu

UNION PLANTERS BANK, N.A.                                                        DEFENDANT

*consolidated with*

DOROTHY ANN KING                                                                          PLAINTIFF

vs.                                                                        Civil Action No. 3:04-cv-853LN

UNION PLANTERS BANK, N.A.                                                        DEFENDANT

**ORDER**

Before the court are plaintiff's Motions to Remand [docket nos. 4 & 6] and Motion to Reconsider, Motion to Strike, and Motion to Direct the District Clerk to Mail a Certified Copy of Remand Order to State Court Clerk [docket no 29].  For the reasons stated herein, the court finds the plaintiff's motions not well-taken and, therefore, denies the same.

**PERTINENT FACTS**

This case has come before this court several times on motions by the defendant Union Planters Bank asking this court to reconsider this court's September 10, 2003, order remanding this cause to the Circuit Court of Copiah County, Mississippi, pursuant to

Title 28 U.S.C. § 1447(c).[1]  Plaintiff Dorothy Ann King originally filed this lawsuit against defendant Union Planters Bank, N.A. ("Union Planters") in state court, alleging claims of negligence and gross negligence.  Union Planters removed the case to this federal court, alleging that this court had original diversity jurisdiction under the authority of Title 28 U.S.C. § 1441(a)[2] and § 1332.[3]  Specifically, Union Planters contended that, as a national banking association chartered by the United States of America, with its main office and principal place of business in Memphis, Tennessee, it was of diverse citizenship with the plaintiff who is an adult resident citizen of Mississippi.  Since the amount in controversy exceeded $75,000.00, exclusive of interest and costs, Union Planters asserted this court's jurisdiction pursuant to Title 28 U.S.C. § 1332.

---

[1] Title 28 U.S.C. § 1447(c) provides as follows:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

[2] Title 28 U.S.C. § 1441(a) provides:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[3] Title 28 U.S.C. § 1332(a)(1) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

The plaintiff consistently has responded that the jurisdiction of this court is lacking because no diversity of citizenship exists here. Plaintiff contends that as a national bank, the defendant is a citizen of every state in which it has a branch office, and that since the defendant has branch offices in Mississippi, the defendant, as plaintiff, is a citizen of Mississippi, a circumstance destroying complete diversity.

This court previously granted the motion to remand. At that time, this court agreed with the plaintiff that diversity of citizenship was not present between the parties in this case.

Thereafter, in light of other, newer decisions of other jurisdictions on this matter, this court reviewed the case again and was persuaded to permit an interlocutory appeal of its Order. The court permitted appeal under Title 28 U.S.C. § 1292(b) which provides, in pertinent part, the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

This court, in certifying the appeal, found that (1) the case involved a controlling question of law; (2) about which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Clark-Dietz & Associates-Engineers Inc. v. Basic Construction Co.*, 702 F.2d 67, 68 (5th Cir. 1993).

With this court's order granting interlocutory appeal in hand, Union Planters filed its petition for interlocutory appeal with the United States Court of Appeals for the Fifth Circuit on or about August 19, 2004. On September 30, 2004, the Fifth Circuit issued an Order denying defendant's petition for an interlocutory appeal. Apparently, that Court was contemplating the publication of its decision in *Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Cir. 2004). This decision clarified the issue, holding that a national bank is not necessarily "located" in each and every state in which it has a branch.

Before the Fifth Circuit Court Clerk mailed a certified copy of its Order, on or about October 15, 2004, Union Planters filed both a motion to reconsider the remand order and a second notice of removal. The second removal notice prompted the assignment of a different civil action number, and the new case was assigned to District Judge Tom S. Lee. Recognizing the overlap with the instant case and the newly filed case, the Magistrate Judge assigned to the second case consolidated that case with this one in an Order filed February 2, 2005. Thus, the two cases now are before this court.

## **ANALYSIS**

Title 28 U.S.C. § 1348 provides, in pertinent part, that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." This statutory provision has been the subject of a split of authority on the question whether a national banking association is a citizen for diversity purposes only of the state where its principal place of business is located, or is a citizen of each state in which it has a branch. The decision of the United States Court of Appeals for the Seventh Circuit in *Firstar Bank, N.A. v. Faul*,

253 F.3d 982 (7th Cir.2001), and a decision of a Fifth Circuit district court in *Baker v. First American National Bank*, 111 F.Supp.2d 799 (W.D. La. 2000), are two cases relied upon by those contending that a national banking association is located only in the state of its principal place of business. Other district court cases have followed the reasoning of *Faul*. *See Bank One, N.A. v. Euro-Alamo Investment, Inc.* 211 F.Supp.2d 808 (D.C. Tex. 2002).

Now, the Fifth Circuit has weighed in on the subject and determined, after considering all the authorities addressing the matter of a national bank's citizenship for the purposes of diversity, that a national bank is a citizen only where its principal place of business is located. The Fifth Circuit opined as follows:

> We construe section 1348 in light of Congress's intent to maintain jurisdictional parity between national banks on the one hand and state banks and corporations on the other. We hold that the definition of "located" is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association. This results in a national bank's having access to federal courts by diversity jurisdiction to the same extent as a similarly situated state bank or corporation. It follows that, under section 1348, a national bank is not necessarily "located" in each and every state in which it has a branch ... ."

*Horton v. Bank One, N.A.*, 387 F.3d at 436.

In an 8-0 opinion, the United States Supreme Court agreed with the Fifth Circuit's rationale in *Wachovia Bank v. Schmidt*, 126 S.Ct. 941 (2006). (Thomas, J. taking no part in the Court's decision). Writing for the Court, Justice Ginsburg clearly states ". . . that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* at 945.

5

In the instant case, defendant Union Planters is a national banking association chartered by the United States of America, with its main office and principal place of business in Memphis, Tennessee. Plaintiff herein is a citizen of the State of Mississippi. Therefore, applying the Fifth Circuit holding in *Horton* and the Supreme Court's holding in *Schmidt*, this court finds that the adverse parties in the above-styled and numbered civil action are diverse in citizenship. Additionally, this court determines that the amount in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs. Accordingly, this court concludes that the defendant has properly invoked this court's diversity jurisdiction and, thus, denies the plaintiff's aforementioned motions.

Plaintiff asserts that this court may not review its original September 10, 2003, Order Granting Remand "on appeal or by motion for reconsideration." Plaintiff's contention is patently erroneous. A district court may reconsider its own order to remand "prior to the actual mailing of a certified copy of the order to the clerk of the state court pursuant to 28 U.S.C. § 1447(c) when the remand order was based on [a] finding that the court lacked a basis for asserting subject matter jurisdiction." *Rockingham v. Men's Health Ctr.*, 204 F. Supp. 2d 967, 967-68 (S.D. Miss. 2002) (citing *Arnold v. Garlock*, 278 F.3d 426, 437-38 (5th Cir. 2001)). *See also Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984); *Rainwater v. Lamar Life Ins. Co.*, 246 F. Supp. 2d 546 (S.D. Miss. 2003).

## **CONCLUSION**

This court finds that the parties herein are diverse in citizenship and that the requisite amount in controversy as required by § 1332 is met. Accordingly, this court has diversity jurisdiction over the above-styled and numbered civil action. The defendant's

removal of this matter to this federal forum was proper.  Resultedly, the court denies plaintiff's Motions to Remand [docket nos. 4 & 6] and Motion to Reconsider, Motion to Strike, and Motion to Direct the District Clerk to Mail a Certified Copy of Remand Order to State Court Clerk [docket no 29].

The parties are directed to contact the assigned Magistrate Judge within ten (10) days of this Order to obtain a Scheduling Order.

**SO ORDERED AND ADJUDGED, this the 15th day of August, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:01-cv-186WSu
Order